UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROSEMARY C. BUTCHER, individually
and ROSEMARY C. BUTCHER and
ROBERT E. BUTCHER, co-personal
representatives of the Estate of
Alexander Michael Butcher,
a/k/a Alexander M. Butcher,
deceased,

      Plaintiffs,                       Case No. 1:05-CV-145

v.

                                        HON. GORDON J. QUIST

LAWYERS TITLE INSURANCE
CORPORATION,

      Defendant.
_____/

## OPINION

In the 1993 movie "Groundhog Day," Bill Murray plays "Phil," a pompous weatherman assigned to cover the story of whether the groundhog, Punxsutawney Phil, will see his shadow at the annual event in Pennsylvania. Much to his amazement and chagrin, Phil finds himself caught in a strange endless loop in which he relives the same Groundhog Day over and over again, waking each morning at 6:00 a.m. to the same annoying Sonny and Cher song, "I've Got You Babe." After a few days, Phil finds that he is able to alter the events of each day and, eventually, by making some positive changes in his life and discarding his huge ego, is able to break the curse and move on to a better life.

For this Court, this case is "Groundhog Day." We have all lived this case before, and more than once. Fortunately, it is within this Court's power to put an end to the curse of the endless loop in which it finds itself: the Court will grant Defendant, Lawyers Title Insurance Corporation's ("Lawyers Title"), motion to dismiss; enjoin Plaintiffs, Rosemary Butcher ("Rosemary"),

individually, and Rosemary and Robert E. Butcher (collectively the "Butchers"), co-personal representatives of the estate of Alexander Butcher, from engaging in further litigation against Lawyers Title without complying with certain requirements; and impose sanctions against attorney Robert Butcher for violating 28 U.S.C. § 1927.

The Court finds it unnecessary to set forth a detailed recitation of the facts and procedural history because they have been thoroughly discussed in several prior opinions, most recently, the Sixth Circuit's opinion in Blachy v. Butcher, No. 03-2079, 2005 WL 843905 (6th Cir. Apr. 12, 2005). A brief background will do. The prior case before this Court was Blachy v. Butcher, No. 1:91-CV-979. This Court was certainly not the first to consider the dispute between the parties, but for purposes of the instant motion, it is a good starting point. In that case, the Court granted Lawyers Title's motion for summary judgment, quieting title to 17.83 acres of property near Harbor Springs, Michigan. The Court also held that the Butcher defendants held title to the property as mere constructive trustees. The Court imposed a constructive trust, but limited the scope of the constructive trust to Rosemary's nonbankruptcy interest in the 17.83 acres. See 35 F. Supp. 2d 554 (W.D. Mich. 1998); 190 F.R.D. 428 (W.D. Mich. 1999). The Butchers filed two motions for reconsideration, which the Court denied. The Sixth Circuit upheld this Court's imposition of the constructive trust but reversed its holding that the constructive trust defeated the federal tax lien. See Blachy v. Butcher, 221 F.3d 896 (6th Cir. 2000). The Sixth Circuit denied the Butchers' petition for rehearing, and the Supreme Court denied their petition for certiorari. See Butcher v. Blachy, 532 U.S. 994, 121 S. Ct. 1653 (2001).

On January 3, 2003, Rosemary moved this Court pursuant to Fed. R. Civ. P. 60(b) to reconsider its prior summary judgment order based upon a number of grounds, including lack of subject matter and personal jurisdiction. This Court denied the motion as untimely and because it was an improper attempt to have this Court alter the Sixth Circuit's prior ruling. Most, if not all, of

Rosemary's arguments had been raised by Rosemary and rejected in the prior proceedings in this Court and in the Sixth Circuit, and the Rule 60(b) motion was simply another bite at the apple. Thus, the Court also granted Lawyers Title's motion for sanctions. The Butchers appealed, and on April 12, 2005, the Sixth Circuit affirmed this Court's denial of Rosemary's Rule 60(b) motion and the Court's imposition of sanctions. The Sixth Circuit also imposed sanctions against the Butchers on appeal. See Blachy, 2005 WL 843905, at *7. To the Court's knowledge, the Butchers have not filed a petition for certiorari, but their history, as well as statements in their brief in response to Lawyers Title's motion, suggest that they probably will.

On September 10, 2004, while the most recent appeal to the Sixth Circuit was pending, the Butchers filed an action in Oakland County Probate Court asking the probate court to "determine title to" and "partition" the property in favor of Rosemary and the estate of Alexander and to award damages to Rosemary for Lawyers Title's use of the property. Lawyers Title removed the case to the United States District Court for the Eastern District of Michigan on the basis of diversity jurisdiction. The Butchers filed a motion to remand, and Lawyers Titled filed a motion to transfer venue to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). Judge Patrick Duggan denied the motion to remand, granted the motion to transfer, and transferred the case to this Court.

**Motion to Dismiss**

Lawyers Title has moved for dismissal of the Butchers' complaint on the grounds of *res judicata*, or claim preclusion. See Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* has four requirements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). All four requirements are met in this case: (1) the Court's December

3

14, 1998, and March 10, 1999, Orders were final orders; (2) the parties in this action are the same parties in the prior case or their privies; (3) an issue in this case – who has an interest in the property – was litigated in the prior case; and (4) there is an identity of the cause of action because the claims in both cases require a determination of the respective parties' rights and interests in the property.

The Butchers do not dispute that the last three requirements are met in this case. They argue, however, as they have done before, that this Court did not have subject matter jurisdiction over the prior case because the Internal Revenue Service, which has no capacity to be sued and was the only federal defendant, could not remove the case from state court to federal court. The Butchers also argue that Lawyers Title did not have standing to sue in the prior case. The Sixth Circuit considered and squarely rejected both of these arguments. See Blachy, 221 F.3d at 909-10. Thus, the Butchers are, once again, seeking another bite at the apple through an improper collateral attack on this Court's and the Sixth Circuit's prior decisions. Accordingly, dismissal is appropriate.

## Request for an Injunction

Lawyers Title requests that the Court issue a permanent injunction precluding the Butchers from filing any action against Lawyers Title or its insureds unless the Butchers comply with certain conditions. Lawyers Title argues that such relief is necessary in order to prevent the Butchers from continuing to engage in the pattern of frivolous and abusive litigation that has now lasted fourteen years. The Court agrees.

A court's power to impose prefiling restrictions on frequent filers with a history of repetitive or vexatious litigation is well-established. See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998). Lawyers Title requests that the Court impose the following conditions upon future filings by the Butchers: (1) the Butchers must satisfy all outstanding awards of monetary sanctions against them in favor of Lawyers Title and/or its insureds; (2) the Butchers must post a $25,000 bond to cover any future awards of sanctions; and (3) the Butchers must attach a copy of the injunction

4

order to their pleadings. Similar conditions have been imposed against other frequent filers in this district. See United States ex rel. Stewart v. Fleet Fin. Group, No. 1:98cv75, 1999 U.S. Dist. LEXIS 13624 (W.D. Mich. Aug. 31, 1999); United States ex rel. Tingley v. 900 Monroe, LLC, No. 1:02-cv-319, 2003 U.S. Dist. LEXIS 11630 (W.D. Mich. June 13, 2003). The Court finds that these conditions are not only proper, but are necessary to prevent the Butchers from continuing their vexatious pattern of lawsuits and therefore will include them in its Order.

### Request for Sanctions

Lawyers Title also requests that the Court impose sanctions against the Butchers pursuant to 28 U.S.C. § 1927 for requiring Lawyers Title to defend this action. Section 1927 provides:

> Any attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. A court may impose sanctions under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" Holmes v. City Massillon, 78 F.3d 1041, 1049 (6th Cir. 1996)(quoting Rathbun v. Warren City Sch., (In re Ruben), 825 F.2d 977, 984 (6th Cir. 1987)). While a finding of bad faith is not necessary under § 1927, see Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997), an attorney's misconduct "must amount to more than simple inadvertence or negligence that has frustrated the trial judge." Holmes, 78 F.3d at 1049.

This case is simply another attempt by the Butchers to repackage the claims and arguments that have previously been rejected by this Court and the Sixth Circuit. As the Sixth Circuit has recently stated regarding the Butchers, "the Court has a difficult time imagining a case where sanctions would be more just." Blachy, 2005 WL 843905, at *7. *This* is the case that the court of

5

appeals could not imagine. However, because sanctions under § 1927 are awarded only against attorneys, the Court will impose sanctions only against Robert Butcher.

An Order consistent with this Opinion will be entered.


Dated: June 14, 2005                                       /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE